Filed 11/29/23  P. v. Sosa CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JUAN JORGE CASTRO SOSA,<br><br>Defendant and Appellant. | C097770<br><br>(Super. Ct. No. STKCRFECOD20220010256) |

The sole contentions here are incorrect calculation of presentence conduct credits and trial counsel's failure to object.  The credits were ultimately calculated correctly, so we affirm.

In December 2022, defendant Juan Jorge Castro Sosa pled no contest to transporting a controlled substance (fentanyl) for sale.  The trial court sentenced defendant to a three-year split term, where the first half would be served in local jail and the remaining half would be stayed pending successful completion of probation.  The

court awarded defendant 59 actual days of credit. The court did not award conduct credits.

Defendant contends the trial court erred in "failing to award [him] sufficient custody credits," and his trial counsel was ineffective for not objecting. But there is no error at this time to correct.

This is because in July 2023, the trial court awarded defendant 58 days conduct credit in response to a request by defendant's appellate counsel. This conduct credit calculation is correct. Defendant was arrested on October 17, 2022, and was sentenced on December 14, 2022, for 59 days of actual credit. Under Penal Code section 4019, this entitles defendant to 58 days of conduct credit. Given the error has been corrected, defendant's contentions of credit error and ineffective assistance of counsel are without merit. (See *People v. Mai* (2013) 57 Cal.4th 986, 1009-1010 [defendant fails to establish ineffective assistance where there is a lack of prejudice].)

### DISPOSITION

The judgment is affirmed.

/s/_____
MESIWALA, J.

We concur:

/s/_____
MAURO, Acting P. J.

/s/_____
DUARTE, J.

2